IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

     Respondent,

v.                                                           CRIMINAL NO. 3:01-00257-01
                                                         (CIVIL ACTION NO. 3:04-0924)

WILLIAM J. ENGLE,

     Movant.

## FINDINGS AND RECOMMENDATION

Following trial by jury in April of 2002, movant, William J. Engle, was convicted of conspiring to distribute dilaudid. On September 3, 2002, he was sentenced to a term of imprisonment of 120 months to be followed by six years supervised release.  His conviction and sentence were affirmed on appeal, United States v. Engle, No. 02-4777, 60 Fed. Appx. 476 (4th Cir. Apr. 1, 2003), and a petition for writ of certiorari was denied on October 6, 2003.  Engle v. United States, 540 U.S. 888 (2003). Thereafter, Engle filed a motion under the provisions of 28 U.S.C. § 2255 in which he asserts that counsel representing him was ineffective at trial and on appeal, as well as a right to relief based on the court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). The United States has filed a response to the motion, movant has filed a reply and the matter is ready for decision.

In United States v. Booker, supra, decided January 12, 2005, the Supreme Court concluded that the sentencing guidelines, as applied, were violative of the Sixth Amendment to the extent that

enhancements to a defendant's sentence, beyond the fact of a prior conviction, were based on findings of fact made by a judge utilizing a preponderance of the evidence standard rather than by jury based upon the reasonable doubt standard and that, as a consequence, the guidelines were to be treated as advisory rather than as mandatory. The question presented in this case, i.e., whether Booker's holding is to be applied retroactively[1] to cases on collateral review, has now been resolved for courts in this circuit by the Court of Appeals for the Fourth Circuit in United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005), a decision in which the court, joining all other circuit courts of appeals which have considered the issue, held that "Booker does not apply retroactively to cases on collateral review."

Movant next asserts that counsel was ineffective at sentencing and on appeal for failing to challenge his sentence on the basis of the Apprendi decision. At the time of movant's sentencing and his appeal, however, the law in this "circuit in regards to Apprendi was settled,"[2] the Court of Appeals for the Fourth Circuit having concluded that the decision did "not apply to a judge's exercise of sentencing discretion" when a sentence, like movant's, was "within a statutory range," i.e., "so long as [the] fact finding does not enhance a defendant's sentence beyond the maximum term specified in the substantive statute." United States v. Kinder, 235 F.3d 192, 201 (4th Cir. 2000).[3] Inasmuch as movant's sentence was well below the statutory maximum, counsel was not ineffective for failing to make an Apprendi objection. To the extent that movant asserts ineffectiveness on the

---

[1] Movant's conviction became final on October 6, 2003, the date the Supreme Court denied his petition for writ of certiorari. Blakely was decided on June 24, 2004 and Booker was decided on January 12, 2005.

[2] United States v. McClanahan, No. 3:04-0726, 2006 WL 1308127, *2 (S.D. W. Va. May 9, 2006).

[3] See also, United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005).

basis of counsel's failure to anticipate the <u>Blakely</u> and <u>Booker</u> decisions, his claim, similarly, provides no basis for relief for "the law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." <u>Kornahrens</u> v. <u>Evatt</u>, 66 F.3d 1350, 1360 (4th Cir. 1995).

Movant next contends that counsel was ineffective for "failing to raise the claim that the district court impermissibly constructively amended the indictment with respect to count 1," pointing out that, while the indictment charged that he conspired to distribute "dilaudid ... and more than 500 grams of cocaine," the court instructed the jury that the government need only prove "that the defendant conspired to distribute dilaudid or that the defendant conspired to distribute more than 500 grams of cocaine." It is, of course, clear that, under the provisions of 21 U.S.C. §§ 841(a)(1) and 846 proof beyond a reasonable doubt of a conspiracy to distribute either dilaudid or 500 grams of cocaine would support a conviction. As was pointed out in <u>United States</u> v. <u>Rhynes</u>, 196 F.3d 207, 242 (4th Cir. 1999), <u>vacated in part</u>, on other grounds, 218 F.3d 310 (2000),[4] "[w]here a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive;" however, "[t]he district court ... can instruct the jury in the disjunctive." The instruction in the disjunctive given in this case was in conformity with circuit precedent and clearly did not amend the indictment. As a consequence, counsel's failure to object cannot be characterized as ineffective.

Finally, movant faults counsel's challenges to drug quantities at sentencing and on appeal, asserting that "his base offense level should have been 26 had counsel raised challenges to the drug amounts." Essentially, movant questions the credibility of Carson Jeffers and Marsha Adkins with respect to drug amounts. The court will, I suspect, remember the sentencing hearing in this case and

---

[4]<u>See also</u>, <u>United States</u> v. <u>Montgomery</u>, 262 F.3d 233, 242 (4th Cir. 2001).

its reliance, in part, on the jury determination with regard to forfeiture in determining quantities of dilaudid.  Counsel vigorously disputed drug amounts and was successful to a degree in his arguments. The record in this case, accordingly, provides no basis for concluding that counsel's arguments with respect to drug quantities "fell below and objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984).


## **RECOMMENDATION**

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this § 2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing, § 2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection.  The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation.  Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED:        September 15, 2006

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE